IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SIR JORDAN COSBY,

                Petitioner,

v.                                                                      OPINION and ORDER

LARRY FUCHS,                                                 23-cv-236-wmc[1]

                Respondent.

---

Petitioner Sir Jordan Cosby seeks relief under 28 U.S.C. § 2254, challenging his 2019 convictions for battery by a prisoner and substantial battery, both as a party to a crime. *See* Dodge County Case No. 2017CF312. Cosby has paid the $5 filing fee, and the petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.

Rule 4 requires the court to examine the petition and supporting exhibits and to dismiss the petition if it "plainly appears" that petitioner is not entitled to relief. After reviewing the petition and brief in support, I conclude that Cosby has failed to exhaust his state-court remedies and will dismiss the petition without prejudice to its refiling if he fails to obtain relief from the state courts.

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

BACKGROUND

I take the following facts from Cosby's petition, the state court of appeals' decision affirming his convictions, and publicly available state court records.[2] The State charged Cosby with battery by a prisoner and substantial battery, both as a party to a crime, after Cosby and another inmate allegedly beat a third inmate, A.L. A jury found Cosby guilty of both charges after a trial at which A.L. did not testify.

Cosby appealed, arguing that there was insufficient evidence to support his convictions. The Wisconsin Court of Appeals disagreed and affirmed his convictions in a July 1, 2021, order. Dkt. 1-1. Cosby's lawyer filed a no merit petition for review in the Wisconsin Supreme Court. Cosby then retained new counsel, who filed a supplement to the petition. The Wisconsin Supreme Court denied Cosby's petition for review on November 16, 2022.

Cosby mailed his federal habeas petition to this court five months later, on April 17, 2023. He raises four grounds for relief: (1) he was denied his Sixth Amendment right to confront his accuser, A.L.; (2) unspecified newly discovered evidence; (3) his trial counsel was ineffective by failing to subpoena A.L. to testify at trial; and (4) his appellate counsel was ineffective by failing to raise trial counsel's ineffectiveness on appeal.

---

[2] *See* https://wcca.wicourts.gov for Cosby's state circuit court records and https://wscca.wicourts.gov for Cosby's state appellate court records.

ANALYSIS

Cosby's petition appears to be timely, but a petitioner must first exhaust any remedies that are available to him in state court, including any appeals, before seeking a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan*, 526 U.S. at 845. This requires the "assertion of a federal claim through one complete round of state-court review, which means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *King v. Pfister*, 834 F.3d 808, 815–16 (7th Cir. 2016) (internal quotation marks and citation omitted).

Cosby admits in his petition that he has not exhausted his state-court remedies with respect to his second, third, and fourth grounds for relief. Dkt. 1 at 7, 9–10. Although he asserts that he has exhausted his confrontation clause claim, "the state courts must be apprised of the constitutional nature of the claim" before a petitioner can seek habeas relief in federal court. *Anderson v. Benik*, 471 F.3d 811, 815 (7th Cir. 2006). Here, the parties did not frame A.L.'s absence at trial as a constitutional question for the Wisconsin Court of Appeals; the parties did not brief a confrontation clause or any other federal constitutional claim or rely on state or federal cases that apply confrontation clause analysis to similar facts. *See id.* (listing the factors courts consider when determining whether a petitioner has fairly presented his federal claim to the state courts). Rather, that court considered whether the evidence taken as a whole was sufficient to sustain Cosby's convictions. *See* dkt. 1-1.

3

Because Cosby has not fully exhausted his state-court remedies, I will dismiss the petition without prejudice to Cosby refiling it if he seeks and yet fails to obtain relief in the state courts. I make two observations for Cosby's benefit should he later decide to refile his federal habeas petition. First, Cosby's petition is devoid of any facts in support of his claims, but a petition must provide enough supporting facts for the court to be able to evaluate the claims. For example, he asserts newly discovered evidence as his second ground for habeas relief but does not identify that evidence is or explain why it matters. Dkt. 1 at 7. Nor does he explain how his attorneys' alleged errors were prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (defendant must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense). If I were not dismissing Cosby's petition for failure to exhaust his state-court remedies, I would dismiss it for failing to provide supporting facts.

Second, a person filing a habeas corpus petition under § 2254 must meet the time limitations imposed by 28 U.S.C. § 2244(d)(1). The statute imposes a one-year limit on the petitioner, which is measured from the latest of four events described in the statute. The time during which a properly filed state postconviction motion concerning the relevant judgment or claim is pending may toll the limitation period under § 2244(d)(1). *See* 28 U.S.C. § 2244(d)(2). Cosby should keep the time limitations on federal relief in mind as he seeks relief in state court.

Because I am dismissing Cosby's petition, I must decide whether to issue a certificate of appealability. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2);

*Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). For the reasons stated, reasonable jurists would not debate the decision that Cosby has not yet exhausted his state court remedies. No certificate of appealability shall issue.

## ORDER

IT IS ORDERED that:

1. Petitioner Sir Jordan Cosby's petition for a writ of habeas corpus is DISMISSED without prejudice for his failure to exhaust his state court remedies. The clerk of court is directed to enter judgment for respondent and close this case.

2. Petitioner is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered May 23, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge